```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF ARKANSAS
                     WESTERN DIVISION
```

SANDY KROUT, Individually and as
Administratrix of the Estate of
Bobby Joe Rylee, Deceased, and Survivors                PLAINTIFF

vs.                           4:06-cv-1294-RSW

LEE GOEMMER, BOBBY STEVENS, KEITH SPEARS,
TERRY COBB, and TODD WINESBURG, Individually as
Police Officers for the City of Russellville;
LUKE SAWDY, Individually as Supervisor of
Jail for Pope County; CHRIS KETCHERSIDE,
CHRIS JOHNSTON, KEVIN HILL, Individually
as Correctional Officers for Pope County, Arkansas      DEFENDANTS

## Memorandum Opinion and Order

The separate Defendants have moved for summary judgment on the Plaintiff's claims for violations under the Eighth and Fourteenth Amendments to the United States Constitution and the laws of the State of Arkansas, for violation of the Arkansas Wrongful Death Act and violations of the Arkansas Civil Rights Act (docs. #56 and #62). The Court **GRANTS IN PART** and **DENIES IN PART** the separate Defendants' motions.

**I.  Discussion**

A local government may not be sued under 42 U.S. § 1983 for its employees' acts unless the government's policy or custom is responsible for the injury. Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978). While a municipality may not be sued solely under a respondeat superior theory, the municipality may

1

be held liable when the official policy is "the moving force of the constitutional violation." Id.  A supervisor, on the other hand, may be liable under section 1983 "if he directly participates in a constitutional violation." Springdale Educ. Ass'n v. Springdale School Dist., 133 F.3d 649, 653 (8th Cir. 1998) (citing Andrews v. Fowler, 93 F.3d 1069, 1078 (8th Cir. 1996)).  Similarly, a supervisor may be liable "if his failure to train or supervise the offending actor caused the deprivation," with the standard being one of deliberate indifference or tacit authorization of the offensive acts.  Tilson v. Forrest City Police Dept., 28 F.3d 802, 806-07 (8th Cir. 1994).

**A.   Claims Against the City of Russellville and Chief Bacon**

The City of Russellville ("City") argues it had no policy or custom in place of using excessive force.  Rather, its use of force policy delineated the appropriate level of force depending on the level of resistance, and this policy was not the moving force behind any constitutional violation regarding the excessive force used on Bobby Joe Rylee ("Rylee").

Similarly, the City notes there is no allegation that Chief James Bacon was personally involved in the incident or present at the scene.  Moreover, the disputed use of force was not caused as a result of Chief Bacon's deliberate indifference in failing to train or supervise his officers.

The Plaintiff's reply brief did not dispute either the City or Chief Bacon's liability under section 1983 because the available discovery had not produced enough evidence to do so. However, the Plaintiff did not completely concede the claims because of ongoing discovery. At oral argument, however, the Plaintiff did concede there was still no evidence to support a claim against Chief Bacon. But the Plaintiff did argue for liability against the City because the alleged use of excessive force displayed the underlying policy or custom of the City with regards to these types of incidents.

The Court holds that there is not enough evidence to support a claim against the City or Chief Bacon. Any constitutional violation in this case was not caused by a policy or custom of the City. The Plaintiff's argument relies upon unsupported inferences drawn from the incident itself, rather than any evidence of systemic custom or official policy. Similarly, Chief Bacon had no involvement in the matter, and the Plaintiff concedes there is no evidence supporting a claim against him. Thus, the Court **GRANTS** the City's summary judgment motion on this claim. The City and Chief Bacon, both individually and in his official capacity, are dismissed from the case.

    **B.**    **Claims Against Pope County and Sheriff Winters**

Defendant Pope County ("County") also argues it may not be

held liable under section 1983 for similar reasons to the City. The County claims it had a sound policy in place that provided procedures for detecting emergency medical situations. The policy defines what an emergency medical situation is, and the officers are trained how to respond to these situations.

Furthermore, the policy was promulgated and partially written by Defendant Jay Winters, Pope County Sheriff. The officers were trained and knowledgeable in the policy and its procedures, and thus the County claims there can be no liability for Sheriff Winters based on deliberate indifference or failure to train or supervise.

The Plaintiff argues that the absence of an inmate being assessed in need of medical attention displayed a custom of deliberately ignoring the serious needs of detainees. The Plaintiff also stressed that Sheriff Winters approved of the handling of Rylee upon hearing of the matter, and stated that the officers' conduct was in conformity with County policy.

The Court holds the County's written policy was acceptable and proper. Sheriff Winters' comments after the incident are not a suitable basis for a continuation of the claim against either the County or the Sheriff. Accordingly, the Court **GRANTS** the County's motion for summary judgment and dismisses the County and Sheriff Winters, individually and in his official capacity.

C.  **Claims Against John and Jane Does**

The County argues the John and Jane Does named in the complaint should be dismissed because the Plaintiff never named these defendants and the discovery deadline has passed.  The Plaintiff has no objection, and thus with no dispute, the Court **GRANTS** the County's motion for summary judgment and dismisses the John and Jane Does with prejudice.

D.  **Official Capacity Claims of Remaining Defendants**

All remaining defendants were sued in both their individual and official capacities.  However, there is no evidence that these defendants served as policymakers to the extent that would justify an official capacity claim.  Rather, any claim against these defendants in their roles as police and correctional officers may be dealt with in their individual capacity, as discussed below.  The Court therefore **GRANTS** the separate Defendants' summary judgment motion on the official capacity claims and dismisses all defendants in their official capacity.

E.  **Individual Capacity Claims**

"Government officials who perform discretionary functions are entitled to qualified immunity unless their alleged conduct violated clearly established federal constitutional or statutory rights of which a reasonable person in their positions would have known."  Wright v. Rolette County, 417 F.3d 879, 884 (8th Cir.

2005) (citing Ottman v. City of Independence, Missouri, 341 F.3d 751, 756 (8th Cir. 2003)). Qualified immunity is analyzed by first asking whether the facts show a violation of a constitutional right, and second, whether that right was clearly established. Id. To determine whether a right is clearly established, the focus is on "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id.

Excessive force claims are analyzed under the Fourth Amendment's reasonableness standard as it pertains to seizures. Henderson v. Munn, 439 F.3d 497, 502 (8th Cir. 2006). "To establish a constitutional violation under the Fourth Amendment's right to be free from excessive force, 'the test is whether the amount of force used was objectively reasonable under the particular circumstances.'" Id. (quoting Littrell v. Franklin, 388 F.3d 578, 583 (8th Cir. 2004)). In Henderson, after the officer had the plaintiff under his knee on the ground, the plaintiff was struck on his ankle and sprayed with pepper spray. Id. The court did not find this conduct to be objectively reasonable because, although there were claims that the plaintiff resisted arrest, the negligible severity of his offenses did not justify the amount of force used, and rather the conduct served as a "'[g]ratuitous and completely unnecessary act[] of violence' and thus violated [his] Fourth Amendment rights." Id. (quoting

Fontana v. Haskin, 262 F.3d 871, 880 (9th Cir. 2001)).

Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, including medical attention. Aswegan v. Henry, 49 F.3d 461, 463 (8th Cir. 1995). Under the deliberate indifference analysis, "[t]he plaintiffs must demonstrate (1) that they suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). Objectively serious medical needs are those that are obvious to a lay person or supported by medical evidence, such as a physician's diagnosis. Aswegan, 49 F.3d at 464.

Both the City and County argue their officers are entitled to qualified immunity and the suits against the officers in their individual capacities should be dismissed. However, there are significant questions of fact that remain. For the City officers, there are questions of fact regarding which officers were involved, to what extent they used force, and most importantly for the wrongful death claim, what caused Rylee's death – the hip-toss maneuver or subsequent actions of the City officers. While the Court is aware of the City's distinction between the general excessive force issue and the cause of death issue, the Court holds that under the two-step qualified immunity analysis, the officers' alleged conduct violated clearly

established constitutional rights of which a reasonable officer would know was unlawful.  The cause of death and the extent of the officers' conduct is disputed, and thus it is inappropriate for summary judgment.

For the County officers, there are questions of fact regarding Rylee's condition upon entry, the extent of the officers' medical screening, and the appropriateness of the officers' further conduct in light of Rylee's serious medical situation.  These questions, among others, are not so easily answered as to preclude a finding of deliberate indifference and establish that a reasonable officer would have acted the same way.  This is particularly true when taking the evidence in the light most favorable to the plaintiff, as the Court is required to do on summary judgment, because the Plaintiff's serious condition upon entry to the detention center should have alerted officers to the Plaintiff's serious medical need.  Accordingly, the Court **DENIES** the separate Defendants' motion for summary judgment with regard to the individual capacity claims.  The individual capacity claims thus remain against officers Lee Goemmer, Bobby Stevens, Keith Spears, Terry Cobb, Todd Winesburg, Luke Sawdy, Chris Ketcherside, Chris Johnston, and Kevin Hill.

**II. Conclusion**

The Court holds there is no evidence to support the Plaintiff's claims against the City of Russellville, Pope County,

Chief Bacon, or Sheriff Winters.  Each of the remaining defendants are also dismissed in their official capacities.  However, officers Goemmer, Stevens, Spears, Cobb, Winesburg, Sawdy, Ketcherside, Johnston, and Hill remain in their individual capacities.  The parties stipulated earlier to dismiss defendant Greg McCuin in both his official and individual capacity.  Accordingly, the separate Defendants' motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**.  Trial in this case will commence on September 29, 2008.

**IT IS SO ORDERED.**

Dated this 7th day of August, 2008.

RODNEY S. WEBB, District Judge
United States District Court